UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE FIGUEROA and JERMAINE BURTON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KRONOS INCORPORATED, <br><br> Defendant. | ) ) ) ) ) Case No. 20-cv-7112 ) ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Defendant Kronos Incorporated ("Kronos") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(3).

**I.  Overview of Claims Asserted and Relief Sought**

Plaintiffs Charlene Figueroa and Jermaine Burton, on behalf of themselves and all others similarly situated ("Plaintiffs"), commenced this action in the Circuit Court of Cook County, Illinois on January 18, 2019. *See* Exhibit A (Complaint).

The Complaint asserts a single count for violations of several provisions of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). One of the provisions allegedly violated is Section 15(a), which requires private entities "in possession" of biometric data to develop and "ma[k]e available to the public" a policy establishing data retention schedules and destruction guidelines. 740 ILCS 14/15(a). The policy must provide for the

permanent destruction of "biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." *Id*. Additionally, a private entity in possession of biometric identifiers or information "must comply" with a data-retention schedule and destruction guidelines "[a]bsent a valid warrant or subpoena" to the contrary. *Id.*

Plaintiffs allege that their former employers required them to "scan [their] fingerprint[s]" on Kronos devices to clock in and out of work each day and that "Kronos subsequently stored [their] fingerprint data in its employee database(s)." Ex. A ¶¶ 35-37, 49-51. The Complaint further alleges that Kronos "lacks retention schedules and guidelines for permanently destroying Plaintiffs' and the Class's biometric data and has not and will not destroy Plaintiffs' and the Class's biometric data". *Id*. ¶ 83. Plaintiffs also contend that Kronos "disclosed Plaintiffs' biometric identifiers and biometric information to … unknown third parties, which hosted the biometric data in their data centers." *Id*. ¶ 79. Plaintiffs seek as relief, among other things, "statutory damages of $5,000 for each willful and/or reckless violation of BIPA[.]" *Id.* ¶ 84.

**II.   Removal is Proper Under CAFA.**

This Court has jurisdiction under CAFA because this is a purported "class action" (*id*. ¶¶ 61-68) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1453(b) (permitting removal of class actions under section 1446 without consent of all defendants); and 1446 (permitting removal).

2

### A. Minimal Diversity

Minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiffs are both citizens of Illinois. Ex. A ¶ 10. Kronos is incorporated under the laws of Massachusetts and its principal place of business is in Lowell, Massachusetts. *See* Ex. B (identifying the address of Kronos's principal place of business on Massachusetts Secretary of the Commonwealth website). As such, Kronos is a citizen of the state of Massachusetts for purposes of diversity jurisdiction. *See* U.S.C. §1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate … by which it has been incorporated and … where it has its principal place of business"). The parties are, therefore, minimally diverse under CAFA.

### B. Amount in Controversy

The amount in controversy in this case "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated for "each violation." *See* 740 ILCS 14/20. The Complaint alleges that Kronos willfully and/or recklessly committed BIPA violations, each of which is subject to up to $5,000 in statutory damages. *See* Ex. A ¶ 84, p. 19. Plaintiffs also allege that "[i]n Illinois alone, Kronos provides timekeeping systems to thousands of employers." *Id.* at ¶ 1. CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). Multiplying $5,000 by just 1,000 is $5,000,000. The amount in controversy in this case, therefore, will easily exceed the threshold requirement, giving a federal court jurisdiction over this matter. *See, e.g., Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed

3

$5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.")

**III.     The Procedural Requirements for Removal Have Been Satisfied.**

This notice is timely. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, <u>order or other paper</u> from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).[1] The Seventh Circuit's November 17, 2020 decision in *Fox v. Dakkota Integrated Sys., LLC*, No. 20-2782, 2020 WL 6738112 (7th Cir. Nov. 17, 2020), which recognized new grounds for standing over a Section 15(a) claim, constitutes an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See Rea v. Michaels Stores*, 742 F.3d 1234, 1238 (9th Cir. 2014) (when "district court first remanded [the] case on grounds that subsequently became incorrect…" due to intervening Supreme Court decision in a wholly different case, the 30-day removal period began to run, and removal was appropriate).

Kronos removed this case to federal court once before. During a subsequent period of time when there was ongoing fluctuation in federal case law regarding Article III standing to bring BIPA Section 15(a) claims in federal court, the Hon. Gary Feinerman, relying on then-extant case law, remanded Plaintiffs' Section 15(a) claim to state court. *See Figueroa v. Kronos Inc.*, No. 19 C 1306, 2020 WL 4273995 (N.D. Ill. July 24, 2020). The ruling, which was issued before the Seventh Circuit's ruling in *Fox*, remanded the Section 15(a) allegations to state court,

---

[1] Because this is a putative class action, the one-year limitation on removal of 28 U.S.C. § 1446(c)(1) does not apply. 28 U.S.C. § 1453(b).

holding that the alleged violation of Section 15(a) did not cause Plaintiffs an injury-in-fact for purposes of Article III standing, so the district court lacked subject-matter jurisdiction. *Id*. at *5.

The *Figueroa* remand decision relied on *Gubala v. Time Warner Cable, Inc*., 846 F.3d 909 (7th Cir. 2017). *Gubala* involved a claim against a cable-television provider for improperly retaining a subscriber's date of birth, address, credit card numbers and other personal information in violation of the time limit set forth in the Cable Communications Policy Act. *Id.* at 910. *Gubala* held that the retention of such data did not create an appreciable risk of any harm to the plaintiff sufficient to confer standing. *Id*. at 910-11. Relying on *Gubala*, the *Figueroa* remand held that "Kronos's alleged failure to follow retention and destruction guidelines presents a [] bare risk of harm" that "cannot establish standing". *Figueroa*, 2020 WL 4273995 at *4. The opinion further held that the alleged dissemination of biometric data to firms hosting data created no real risk of harm to Plaintiffs sufficient to constitute an injury-in-fact. *Id*. at * 5 ("[e]ven if such routine *dissemination* violates BIPA and is itself an injury in fact under Section 15(b), it does not present the real risk of further harm required by *Gubala* to also render the *retention* of data under Section 15(a) an injury in fact.")[2]

On November 17, 2020, the Seventh Circuit ruled in *Fox* that allegations nearly identical to those at issue in this case are sufficient to confer Article III standing:

> Unlike in *Bryant*, Fox's section 15(a) claim does not allege a mere procedural failure to publicly disclose a data-retention policy. Rather, Fox alleges a concrete and particularized invasion of her privacy interest in her biometric data stemming from Dakkota's violation of the full panoply of its section 15(a) duties—the duties to develop, publicly disclose, *and comply with* data retention and destruction policies—resulting in the wrongful retention of her biometric data after her employment ended, beyond the time authorized by law. These allegations suffice to plead an injury in fact for purposes of Article III.

*Fox*, 2020 WL 6738112, at *1.

---

[2] The *Figueroa* remand was one of several remands of Section 15(a) claims that occurred in the late summer of 2020. In fact, *Fox* was one such remand.

Following the Seventh Circuit's ruling in *Fox*, a new basis for ascertaining injury-in-fact is now present in this case. Under *Fox*, "an unlawful *retention* of a person's biometric data is as concrete and particularized an injury as an unlawful *collection* of a person's biometric data." *Id*. at *7. As such, allegations of improper retention and "sharing" of a person's biometric data present a risk of harm that constitutes an injury-in-fact sufficient to confer Article III jurisdiction over a BIPA Section 15(a) claim. *Id*. The Seventh Circuit's opinion in *Fox* is new law that arguably establishes Article III standing and subject-matter jurisdiction in this case since Plaintiffs allege both the improper retention and dissemination of their biometric data. Ex. A ¶¶ 28, 32, 39-40, 45, 53, 79, 81, 83.

Removal therefore is appropriate within 30 days of the November 17, 2020 *Fox* opinion. *See Rea*, 742 F.3d at 1238 (where prior controlling federal law did not support removal, United States Supreme Court decision changing the law and establishing subject-matter jurisdiction was a "relevant change of circumstances" permitting removal); *see also Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008) (distinguishing decisions in other cases when "the different case resolved a legal uncertainty concerning the existence of original federal jurisdiction," which is precisely the case here)[3]; *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("[n]othing in § 1446 forecloses multiple petitions for removal").[4]

---

[3] Kronos located only one other case referencing the *Amgen* decision in the context of a BIPA re-removal. *See Hunter v. Automated Health Systems*, Case No. 20 C 3134, 2020 WL 4812712, at * 1-2 (N.D. Ill. Aug. 17, 2021). *Hunter* incorrectly limited re-removal to same issues and same defendants, based largely on facts in the *Wisconsin v. Amgen* case that are not present here. The *Amgen* case had been pending for two years and it was a third removal attempt. Here, responsive pleadings have not yet been filed, and original federal jurisdiction arguably has been established by *Fox*. *Hunter* also ignores the *Amgen dicta* cited by Kronos above.

[4] This is not the first request to re-remove a BIPA case following an intervening change in case law. *See e.g.*, *Howe v. Speedway LLC*, Case No. 1:19-cv-01374 (N.D. Ill.) (Doc. No. 1)(notice of removal filed upon the Illinois Supreme Court's decision in *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 1231886).

**IV.     Kronos Has Complied With All Prerequisites for Removal.**

Counsel for Kronos certifies that a copy of this Notice of Removal is being filed with the Clerk of the Cook County Circuit Court, pursuant to 28 U.S.C. § 1446(d). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Kronos in the state court action are attached hereto as Exhibit C, and copies are being served today on all parties in accordance with 28 U.S.C. § 1446(d).

Kronos reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12 and 56.

Dated:  December 1, 2020                         Respectfully submitted,

By:  */s/ Melissa Siebert*
*One of Defendant's Attorneys*

Melissa A. Siebert (masiebert@shb.com)
Erin Bolan Hines (ehines@shb.com)
SHOOK HARDY AND BACON, L.L.P.
111 S. Wacker Dr. 4700
Chicago, IL 60606
Tel.: 312.704.7700
Fax: 312.558.1195

Debra Bernard (dbernard@perkinscoie.com)
PERKINS COIE L.L.P.
131 South Dearborn Street, Suite 1700
Chicago, Illinois  60603
Tel.:  (312) 324-8559
Fax:  (312) 324-9400

*Attorneys for Defendant Kronos Incorporated*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 1, 2020, she caused a true and correct copy of the foregoing **Notice of Removal** to be filed electronically. Notice of this filing will be sent to all parties registered on this Court's ECF system by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Melissa Siebert*
Melissa Siebert